UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVORN PARKER,<br><br>                         Plaintiff,<br><br>             -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                     Defendants. | 20-CV-9408 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

By order dated December 17, 2020, the Court dismissed this action for Plaintiff's failure to either pay the filing fees or submit an *in forma pauperis* (IFP) application and prisoner authorization. The Court entered judgment the same day. On January 19, 2021, that is, thirty-one days the action under this docket number was closed, Plaintiff gave his second amended complaint to prison officials for mailing, and the Court received it on January 26, 2021. (ECF 7.)

As it appeared that Plaintiff intended to proceed with this action, by order dated February 1, 2021, the Court again directed Plaintiff to submit an IFP application and prisoner authorization and indicated that if he did so within 30 days, the Court would treat his second amended complaint as a motion to reopen this action. (ECF 8.) But on or about January 28, 2021, Plaintiff gave to prison officials for mailing a notice of appeal and request for an extension of time to appeal, and those were entered on the docket on February 3, 2021. (ECF 9, 10.) Thereafter, on February 17, 2021, Plaintiff filed the IFP application and prisoner authorization in this closed action. (ECF 11-12.)

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed within thirty days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal, however, if a party moves for an

extension of time within thirty days of the expiration of the time to file notice of appeal, and if the moving party shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(A).

Plaintiff filed the motion for an extension of time within thirty days of the expiration of the time to file a notice of appeal. He alleges that his housing unit was quarantined due to the COVID-19 pandemic, and he did not receive his mail. (ECF 9.) Plaintiff shows good cause for failing to timely file the appeal, and the Court grants Plaintiff's request for an extension of time to appeal. The Court denies Plaintiff's request for leave to proceed IFP on appeal, and he may seek leave from the Court of Appeals to proceed IFP on appeal.

The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Because Plaintiff's appeal divests this Court of jurisdiction over the action, the Court cannot reopen this matter while Plaintiff's appeal of the order of dismissal is pending, even though Plaintiff has now submitted his IFP application and prisoner authorization.[1]

If the Court regains jurisdiction to act in this matter because Plaintiff (1) withdraws his appeal in the Second Circuit and (2) notifies this Court within 30 days of this order that he has done so, the Court will reopen this case, given that Plaintiff has now filed his IFP application and prisoner authorization.[2]

---

[1] Even if Plaintiff's second amended complaint could be construed as a motion to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure, it was not filed within 28 days after entry of judgment. It therefore is not covered under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure, which provides that the time to appeal runs from disposition of a qualifying motion.

[2] Once the Court reopens this matter, the second amended complaint will be screened under 28 U.S.C. § 1915(e)(2)(B).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court grants Plaintiff's motion for an extension of time to appeal (ECF 9) but denies his motion for leave to proceed IFP on appeal. If, within 30 days of this order, Plaintiff (1) withdraws his appeal in the Second Circuit and (2) notifies this Court that he has done so, the Court will reopen this case, given that Plaintiff has now filed his IFP application and prisoner authorization.

SO ORDERED.

Dated:    March 5, 2021
          New York, New York

                                              _____
                                                   COLLEEN McMAHON
                                              Chief United States District Judge