UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVORN PARKER,

                        Plaintiff,

-against-

CYNTHIA BRANN; PATSY YANG;
MARGARET EGAN,

                        Defendants.

20-CV-9408 (LJL)

ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

    Plaintiff, currently detained in the Vernon C. Bain Center (VCBC), brings this *pro se* action under 42 U.S.C. § 1983. He alleges that Defendants are violating his federal constitutional rights by not protecting him from contracting COVID-19.[1] On January 26, 2021, Plaintiff filed a second amended complaint, which the Court deems the operative complaint.[2]

    By order dated April 9, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

---

[1] Plaintiff filed the original complaint with 49 other detainees. On November 9, 2020, Magistrate Judge Aaron severed the matter into separate cases; As a result, Parker is the sole Plaintiff in this action.

[2] By order dated November 16, 2020, Chief Judge McMahon directed Plaintiff to either pay the $400.00 in fees or submit an IFP application and prisoner authorization. (ECF No. 3.) He failed to do so, and on December 17, 2020, Chief Judge McMahon dismissed the action without prejudice. (ECF Nos. 5-6.) Plaintiff then submitted the second amended complaint and a notice of appeal. (ECF Nos. 7, 10.) On February 17, 2021, Plaintiff filed a prisoner authorization form and IFP Application. (ECF Nos. 11-12). After Plaintiff withdrew his appeal and the Second Circuit dismissed that matter, Chief Judge McMahon directed the Clerk's Office reopen the action (ECF No. 15) and granted his IFP application.

## DISCUSSION

A.  **Defendants Yang and Egan**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Yang and Egan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Defendant Brann**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Commissioner Cynthia Brann waive service of summons.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant Commissioner Cynthia Brann waive service of summons.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Defendants Yang and Egan, and deliver to the U.S. Marshals Service all documents necessary to effect service on these Defendants.

SO ORDERED.

Dated:   4/13/21
         New York, New York

                                                    JUDGE LEWIS J. LIMAN
                                                   United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Patricia Yang
   Senior Vice President for Correctional Health Services
   for NYC Health + Hospitals
   55 Water Street
   18th Floor
   New York, New York 10041

2. Margaret Egan
   Executive Director of the Board of Correction
   1 Centre Street
   Room 2213
   New York, New York 10007